**Jorawar SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71613.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 1, 2004.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, U.S. Department of Justice, Washington, DC, for Respondent.

Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Jorawar Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a) and deny the petition.

The BIA assumed that Singh testified credibly and that he established past persecution attributable to his affiliation with Sikh religious and political organizations. The BIA nevertheless concluded that Singh was not eligible for asylum because the government had rebutted the presumption of a well-founded fear of persecution by introducing evidence of changed circumstances in the Punjab region of India. We review the BIA's determination under the substantial evidence standard and must deny the petition unless Singh establishes that "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." See INS v. Elias–Zacarias, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

There is substantial evidence in the record to support the BIA's finding of changed circumstances. The 1997 addendum to the 1996 State Department Country Report on India documented a significant improvement in political and social conditions in the Punjab. See Marcu v. INS, 147 F.3d 1078, 1081 (9th Cir.1998)

(State Department Country Reports are "the most appropriate and perhaps the best resource for information on political situations in foreign nations" (internal quotation marks and citation omitted)). According to the addendum, the "law and order situation" in the Punjab "is by all accounts essentially normal" and "[t]here is no evidence that Sikhs or Sikh particularists face harassment, mistreatment or persecution merely on the basis of their religion or political opinions."

The BIA undertook the requisite individualized analysis of the information in the State Department Report. See Garrovillas v. INS, 156 F.3d 1010, 1017 (9th Cir.1998). The BIA recognized that this fundamental change in conditions occurred after Singh left India and that it favorably impacted individuals who, like Singh, had previously associated with radical Sikh organizations. Because Singh adduced no contrary evidence about conditions in India after the date of his departure, it cannot be said that the record compels a result different than the one reached by the BIA.

Because Singh has failed to establish that he is eligible for asylum, it follows *a fortiori* that he is unable to meet the more demanding evidentiary burden required for withholding of removal. See Halaim v. INS, 358 F.3d 1128, 1132 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.